**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

WORLDWIDE AIRCRAFT SERVICES,
INC., d/b/a JETICU,

      Petitioner,

v.                                                                          Case No. 8:25-cv-2231-KKM-TGW

AETNA LIFE INSURANCE
COMPANY,

      Respondent.

_____

## ORDER

Worldwide Aircraft Services, Inc., d/b/a Jet ICU, petitions to confirm an arbitration award rendered against Aetna Life Insurance Company in an independent dispute resolution (IDR) proceeding under the No Surprises Act (NSA), 42 U.S.C. §§ 300gg-112. *See* Am. Pet. (Doc. 13). Aetna moves to dismiss the petition, arguing that it is barred by the NSA, untimely under the Federal Arbitration Act (FAA) and the Florida Arbitration Code, and preempted by the Airline Deregulation Act. *See* MTD (Doc. 17). For the below reasons, I grant Aetna's motion and dismiss the petition.

## I.    BACKGROUND

On March 21, 2024, Petitioner Jet ICU submitted an air ambulance claim to Aetna for a total amount of $235,782. Am. Pet. ¶ 6. Between May 2024

and July 2025, Aetna made partial payments on the claim totaling $165,517.94. *Id.* In July 2025, "Jet ICU filed a request for IDR arbitration pursuant to the federal No Surprises Act, with the Centers for Medicare and Medicaid Services (CMS), the administrator for the [NSA] IDR binding arbitration process. *Id.* ¶ 7. The arbitrator, iMPROve Health, "did not receive an offer and/or fees from Aetna," despite requesting them. IDR Decision (Doc. 13-1) at 1. Accordingly, on May 9, 2025, iMPROve Health issued a final determination against Aetna and "in favor of [Jet ICU], the only party to submit an offer and fees," in the amount of $93,594. *Id.*; *see* Am. Pet. ¶ 11.

On August 21, 2025, Jet ICU filed a petition in this Court to confirm the arbitration award, alleging both diversity jurisdiction and federal question jurisdiction. *See* Am. Pet. ¶¶ 4–5. Jet ICU's petition requests an order "confirming the Award and entry of a final judgment in favor of JETICU and against AETNA, pursuant to the Award, including accrued daily interest at a rate prescribed by Florida or Federal law from the payment due date pursuant to the arbitration award as well as the costs and fees, including attorney's fees . . . ." *Id.* at 5 (Prayer for Relief). Aetna moves to dismiss the petition for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See* MTD. Although I granted Jet ICU an extension to file a response, (Docs. 18–19), Jet ICU did not respond to Aetna's motion.

## II.  LEGAL STANDARD

"To survive a motion to dismiss" under Rule 12(b)(6), a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim is facially plausible when a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint's factual allegations are accepted "as true" and construed "in the light most favorable to the plaintiff." *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

## III.  ANALYSIS

Aetna provides three grounds for dismissing Jet ICU's petition. First, Aetna says that "the NSA precludes judicial review of NSA IDR awards under federal and state law." MTD at 3. Second, Aetna claims that the confirmation request seeks to modify the award to include costs and fees, and that the time to seek modification has expired under federal and Florida law. *Id.* at 1, 3. Third, Aetna argues that Jet ICU's action is preempted by federal law. *Id.* at 3.

Aetna's first argument proves dispositive. Jet ICU's petition to confirm the arbitration award relies on the availability of a private right of action in the NSA. Because I agree with Aetna that no such right of action exists, I dismiss Jet ICU's petition on this basis.

3

The NSA aims to protect patients from surprise medical bills by ensuring that certain out-of-network providers—such as air ambulances—are treated the same as in-network providers. *See* 42 U.S.C. §§ 300gg-111, 300gg-112. To do so, the NSA creates a standardized process for the presentation and payment of air ambulance transport claims. *See id.* § 300gg-112(a)(3). After receiving a bill from an air ambulance provider, the insurance company either makes or refuses to make an initial payment, and the air ambulance may then initiate negotiations. *See id.* § 300gg-112(b)(1)(A). If negotiations fail, the air ambulance may initiate an IDR proceeding. *See id.* § 300gg-112(b)(1)(B).

The determination of the arbitrator or "IDR entity" resulting from the IDR process as to the correct payment amount is "binding upon the parties" in the absence of evidence of fraud and "shall not be subject to judicial review, except in a case described in any of paragraphs (1) through (4) of section 10(a) of" the FAA. 42 U.S.C. §§ 300gg-111(c)(5)(E)(i), 300gg-112(b)(5)(D). Section 10(a) of the FAA permits a district court to "make an order vacating the award" in cases of fraud or an arbitrator's partiality or misconduct. 9 U.S.C. § 10(a). Unlike § 9 of the FAA, though, § 10(a) does not provide for "confirmation" of an award. *Compare id.* § 9, *with id.* § 10(a). Section 10 likewise does not provide for "modification or correction," which is the province of § 11. *See id.* § 11 (providing three limited bases to modify an award "so as to effect the intent thereof and promote justice between the parties").

Looking to this language, the Fifth Circuit—the first federal appellate court to consider the issue—recently concluded that the NSA does not provide a private right of action to confirm an arbitration award.[1] *Guardian Flight, L.L.C. v. Health Care Serv. Corp.*, 140 F.4th 271, 274–77 (5th Cir. 2025), *cert. denied*, No. 25-441, 2026 WL 79855 (U.S. Jan. 12, 2026). The court first explained that "the NSA contains no *express* right of action to enforce or confirm an IDR award." *Id.* at 275 (emphasis added). Absent an express provision, the provider-petitioners then failed to "carry their heavy burden of showing Congress contemplated a private right of action in the NSA." *Id.*; *see, e.g.*, *Love v. Delta Air Lines*, 310 F.3d 1347, 1353 (11th Cir. 2002) ("Congressional intent to create a private right of action will not be presumed.") (citation modified).

"Indeed, the NSA's text and structure point in the opposite direction," as the statute "expressly *bars* judicial review of IDR awards except as to the specific [vacatur] provisions borrowed from the FAA." *Guardian Flight*, 140 F. 4th at 275. And "[t]he term 'judicial review' is broad enough to include a court's

---

[1] Although no other circuit court has weighed in, "[a] majority of the federal courts that have considered the issue, including Florida federal district courts, have similarly concluded that the NSA's IDR provisions do not give rise to a federal cause of action and that IDR awards are not enforceable under the FAA." *Worldwide Aircraft Servs., Inc. v. United Healthcare*, No. 8:24-CV-2527-TPB-LSG, 2025 WL 3312169, at *2 (M.D. Fla. Nov. 28, 2025); *see, e.g.*, *Modern Orthopaedics of NJ v. Premera Blue Cross*, No. 2:25-CV-01087 (BRM) (JSA), 2025 WL 3063648, at *14 (D.N.J. Nov. 3, 2025) (joining "the majority of other courts in holding that the NSA does not contain an implied right of action to enforce IDR awards").

order to enforce an IDR award." *Id.* at 275–76 & n.4 (citing *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 578 (2008) (interpreting "judicial review" in the FAA to include "confirm[ing]" an arbitral award)). Further, if Congress wanted to incorporate § 9 of the FAA—which provides a right of action to confirm certain awards—it could have done so, as it has in other statutes. *See, e.g.*, 5 U.S.C. § 580(c) ("A final award is binding on the parties to the arbitration proceeding, and may be enforced pursuant to sections 9 through 13 of" the FAA). But Congress did not do so. *See Guardian Flight*, 140 F.4th at 276. Instead, Congress "empowered [the Department of Health & Human Services] to assess penalties against insurers for failure to comply with the NSA." *Id.* at 277 (citing 42 U.S.C. § 300gg-22(b)(2)(A)). That "structure conveys Congress's policy choice to enforce the statute through administrative penalties, not a private right of action." *Id.*

I find the Fifth Circuit's reasoning persuasive and follow it here. At bottom, "[t]he only right of action provided [in the NSA] derives from the incorporated vacatur sections of Section 10(a) of the FAA," *id.* at 275, none of which Jet ICU alleges (or argues) applies to the award at issue here. That remains true even if I were to credit Aetna's view that Jet ICU seeks a "modification" of the award by adding attorney's fees and costs. *See* MTD at 8. Because the NSA's text and structure prohibit judicial review to confirm or

6

modify an IDR arbitration award, Jet ICU therefore fails to state a claim for relief.[2]

Additionally, to the extent that Jet ICU's petition represents that an order confirming the award "is mandated by [§ 9 of] the Federal Arbitration Act," or the Florida Arbitration Code, §§ 682.01–25, Florida Statutes, Jet ICU is wrong. Am. Pet. ¶¶ 12–14. Jet ICU's petition plainly alleges that "[n]o agreement regarding the court to enforce the award has been made between the parties." Am. Pet. ¶ 3. But § 9 of the FAA "is expressly premised on the existence of an agreement to arbitrate." *United Healthcare*, 2025 WL 3312169, at *2 (citing 9 U.S.C. § 9 (providing for application for confirmation of an award "[i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration")). Likewise, the Florida Arbitration Code provides a proper court jurisdiction "to enter judgment on an award" related to "[a]n agreement to arbitrate providing for arbitration in this state." § 682.181(2), Fla. Stat. Absent an agreement, neither statute supplies a basis for judicial review of Jet ICU's award.

---

[2] Some courts have treated the NSA's judicial review proscription as removing federal question jurisdiction, while other courts have dismissed petitions for failure to state a claim. *See United Healthcare*, 2025 WL 3312169, at *3 n.3 (comparing cases). Here, Jet ICU also sufficiently alleges diversity jurisdiction under 28 U.S.C § 1332(a). *See* Am. Pet. ¶¶ 1–4. That much precludes a dismissal on purely jurisdictional grounds. *See Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 128 & n.4 (2014) ("The absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction, *i.e.,* the court's statutory or constitutional *power* to adjudicate the case.") (citation modified).

Finally, because I cannot "confirm" Jet ICU's arbitration award, I need not address Aetna's remaining arguments about the petition's timeliness or whether the Airline Deregulation Act preempts it altogether.

## IV.   CONCLUSION

Accordingly, the following is **ORDERED**:

1.   Defendant's Motion to Dismiss (Doc. 17) is **GRANTED.**

2.   Plaintiff's Amended Petition (Doc. 13) is **DISMISSED with prejudice.**

3.   **The clerk is directed to ENTER JUDGMENT**, which shall read: "This case is dismissed with prejudice."

4.   The Clerk is directed to **TERMINATE** any pending motions or deadlines, and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, February 4, 2026.


Kathryn Kimball Mizelle
United States District Judge

8